ABRAMSON & DENENBERG, P.C.
BY: THOMAS BRUNO II, ESQUIRE          ATTORNEY FOR PLAINTIFF
IDENTIFICATION NUMBER: 26180
1315 WALNUT STREET, 12TH FLOOR
PHILADELPHIA, PA  19107
(215) 546-1345

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIA TORBORH -KESSELLY<br>1515 B GRANT AVENUE<br>PHILADELPHIA, PA 19115<br>　　　　　PLAINTIFF<br><br>　　V.<br><br>CITY OF PHILADELPHIA<br>SHERIFF'S OFFICE<br>1515 ARCH ST, 14TH FLOOR<br>PHILADELPHIA, PA 19107<br>　　　　　AND<br>OFFICER BARRETTO BADGE #534<br>1515 ARCH ST, 14TH FLOOR<br>PHILADELPHIA, PA 19107<br>　　　　　AND<br>OFFICER JOSHUA PEREZ BADGE#237<br>1515 ARCH ST, 14TH FLOOR<br>PHILADELPHIA, PA 19107<br>　　　　　AND<br>OFFICERS JOHN DOE#1-6<br>1515 ARCH ST, 14TH FLOOR<br>PHILADELPHIA, PA 19107<br>　　　　　AND<br>OFFICERS JANE DOE#1-6<br>1515 ARCH ST, 14TH FLOOR<br>PHILADELPHIA, PA 19107<br>　　　　　DEFENDANTS | : <br>: <br>: JURY TRIAL DEMANDED<br>: <br>: <br>: <br>: CIVIL ACTION<br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: NO.<br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: |

## COMPLAINT

1.  Plaintiff, Julia Torborh-Kesselly, is an adult citizen and resident of the

Commonwealth of Pennsylvania residing as captioned.

2. Defendant, City of Philadelphia, is a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania, which maintains its principal offices as captioned.

3. Defendants, Officer Barretto, Officer Joshua Perez, Officers John Doe # 1-6 and Officers Jane Doe # 1-6, were at all material times Officers with the Philadelphia Sheriff's Department, acting within the course and scope of their employment and under the color of state law.  Officer Barretto, Officer Joshua Perez, Officers John Doe # 1-6 and Officers Jane Doe # 1-6 are being sued in their individual capacities as deputies, agents and/or employees of Defendant, City of Philadelphia, and the Philadelphia Sheriff's Department.

4. At all material times, defendant, City of Philadelphia, was charged with the responsibility of testing, hiring, training and/or supervising members of the Philadelphia Sheriff's Department and was responsible for making and enforcing the policies under which Officer Barretto, Officer Joshua Perez, Officers John Doe # 1-6 and Officers Jane Doe # 1-6 were operating.

5. This court has jurisdiction over the Federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343.

6. Venue is proper under 28 U.S.C. § 1391(b) because the causes of action upon which the complaint is based arose in Philadelphia County, Pennsylvania, which is in the Eastern District of Pennsylvania.

7. On February 23, 2015, Plaintiff attended a Family Court hearing that required her to pass through a secure metal detector and security checkpoint the Philadelphia Family Court House located at 1501 Arch Street in Philadelphia, PA.

2

8. At the conclusion of the hearing, when Plaintiff heard the decision of the judge that wrongfully removed her son from her custody, she became upset and emotional and began crying.

9. At the aforementioned place and time, Officer Barretto and/or Officer Joshua Perez and/or Officers John Doe # 1-6 and/or Officers Jane Doe # 1-6, removed the Plaintiff from the courtroom and began escorting her in the elevator.

10. Plaintiff was still upset and crying when Officer Barretto and/or Officer Joshua Perez and/or Officers John Doe # 1-6 and/or Officers Jane Doe # 1-6 decided not to let her leave the courthouse, chose to unlawfully detain her and brought her into a "back room" inside the Family Court House.

11. At the aforementioned place and time, while in the "back room," Defendants, Officer Barretto and/or Officer Joshua Perez and/or Officers John Doe # 1-6 and/or Officers Jane Doe # 1-6, searched Plaintiff's person and belongings.

12. At the aforementioned place and time, Defendants, Officer Barretto and/or Officer Joshua Perez and/or Officers John Doe # 1-6 and/or Officers Jane Doe # 1-6, without probable cause or justification, subjected the Plaintiff to an unreasonable "strip" search that was unreasonable and excessive under the circumstances and performed in front of other citizens and court personnel, including Defendants, Officer Barretto and/or Officer Joshua Perez and/or Officers John Doe # 1-6 and/or Officers Jane Doe # 1-6.

11. The unreasonable and excessive "strip" search that was performed on Plaintiff by Defendants, Officer Barretto and/or Officer Joshua Perez and/or Officers John Doe # 1-6 and/or Officers Jane Doe # 1-6, consisted of forcing Plaintiff to lift up her

3

bra to expose her breasts and removing her pants and underwear and exposing her vagina to Defendants.

12.    At the aforementioned place and time, Defendants, Officer Barretto and/or Officer Joshua Perez and/or Officers John Doe # 1-6 and/or Officers Jane Doe # 1-6, ordered Plaintiff to put her underwear back on, and then forced Plaintiff to sit on a bench in the "back room" for twenty-five (25) minutes while she sat clad only her bra and underwear.

13. After a period of time, at the aforementioned place and time, Defendants, Officer Barretto and/or Officer Joshua Perez and/or Officers John Doe # 1-6 and/or Officers Jane Doe # 1-6, let Plaintiff put her clothing back on, and having found no evidence of a crime from their illegal investigation and detention, then released Plaintiff and issued her a citation for the summary offense of Disorderly Conduct.

14. At no time was the Plaintiff placed on the general population of the county jail, nor was she going to be placed in the county jail or exposed to other arrestees or inmates.

15. Defendants, Officer Barretto and/or Officer Joshua Perez and/or Officers John Doe # 1-6 and/or Officers Jane Doe # 1-6 lacked probable cause or a reasonable basis to subject the plaintiff to an intrusive strip search.

16. Defendants, Officer Barretto and/or Officer Joshua Perez and/or Officers John Doe # 1-6 and/or Officers Jane Doe # 1-6, intentionally conducted the "strip" search in a manner that was unreasonable and excessive under the circumstances.

17. Defendant, City of Philadelphia, has a policy/practice/custom of condoning or acquiescing in permitting its Philadelphia Sheriff's Department Officers, including the

4

named individual defendants, to conduct unreasonable "strip" searches of persons without justification and only being given a summary citation, which was the cause of the Plaintiff's injuries.

18. As a direct and proximate result of the above described unreasonable and/or excessive "strip" search, the Plaintiff was caused to suffer severe emotional distress, mental anguish, inconvenience, deprivation of liberty, loss of reputation within the community and loss of enjoyment of life.

19. As a direct and proximate result of the aforementioned unconstitutional actions of the Defendants, Officer Barretto and/or Officer Joshua Perez and/or Officers John Doe # 1-6 and/or Officers Jane Doe # 1-6, the Plaintiff has and will hereafter incur other financial expenses and losses.

<u>**COUNT I- 42 U.S.C. §1983**</u>
<u>**UNREASONABLE SEARCH**</u>
<u>**JULIA TORBORH-KESSELLY VS.  OFFICER BARRETTO AND OFFICER PEREZ AND OFFICERS JOHN DOE #1-6 AND OFFICERS JANE DOE #1-6**</u>

20. Paragraphs 1-19 are incorporated herein by reference, as though each were fully set forth herein at length.

21. Plaintiff believes and therefore avers that Defendants, Officer Barretto and/or Officer Joshua Perez and/or Officers John Doe # 1-6 and/or Officers Jane Doe # 1-6, acting within the course and scope of their employment, under color of state law and pursuant to the customs, policies, and practices of the Philadelphia Sheriff's Department and state law, did deprive the Plaintiff of her right to be free from illegal, unreasonable and/or excessive searches, in particular "strip" searches, in violation of the Plaintiff's rights

5

under the Fourth Amendment, as incorporated and applied to the States through the Fourteenth Amendment of the Constitution of the United States.

22. The aforesaid actions of Defendants, Officer Barretto and/or Officer Joshua Perez and/or Officers John Doe # 1-6 and/or Officers Jane Doe # 1-6, in their individual capacities were so malicious, intentional and/or reckless and displayed such a reckless indifference to the plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, Plaintiff, Julia Torborh-Kesselly, demands compensatory and punitive damages against Defendants, Officer Barretto and/or Officer Joshua Perez and/or Officers John Doe # 1-6 and/or Officers Jane Doe # 1-6, jointly and/or severally, in an amount sufficient to fairly and adequately compensate the plaintiff and punish and deter such conduct on the part of defendants, along with interest, costs, attorney's fees and other appropriate relief.

<u>**COUNT II- 42 U.S.C. §1983**</u>
<u>**BYSTANDER**</u>
<u>**JULIA TORBORH-KESSELLY VS. OFFICER BARRETTO AND OFFICER PEREZ AND OFFICERS JOHN DOE #1-6 AND OFFICERS JANE DOE #1-6**</u>

23. As a direct and paragraphs 1-22 are incorporated herein by reference, as though each were fully set forth herein at length.

24. Plaintiff believes and therefore avers that Defendants, Officer Barretto and/or Officer Joshua Perez and/or Officers John Doe # 1-6 and/or Officers Jane Doe # 1-6, encouraged and stood idly by while the plaintiff was subjected to and an illegal, unreasonable and/or excessive "strip" search without probable cause or justification, which deprived the Plaintiff of her constitutional under the Fourth Amendment.

6

25. Plaintiff believes and therefore avers that Defendants, Officer Barretto and/or Officer Joshua Perez and/or Officers John Doe # 1-6 and/or Officers Jane Doe # 1-6, encouraged and failed to prevent the illegal, unreasonable and/or excessive "strip" search of the plaintiff, which deprived the plaintiff of her rights under the Fourth Amendment.

26. As aforesaid, Defendants, Officer Barretto and/or Officer Joshua Perez and/or Officers John Doe # 1-6 and/or Officers Jane Doe # 1-6, failed to fulfill their obligation to supervise and intervene when they had an independent and affirmative duty to prevent the illegal, unreasonable and/or excessive "strip" search of the plaintiff.

27. As aforesaid, by encouraging and failing to supervise and/or intervene, Defendants, Officer Barretto and/or Officer Joshua Perez and/or Officers John Doe # 1-6 and/or Officers Jane Doe # 1-6, effectively assisted each other in the illegal, unreasonable and/or excessive "strip" search of the plaintiff and therefore deprived the plaintiff of her rights under Fourth Amendment.

28. The aforesaid actions of Defendants, Officer Barretto and/or Officer Joshua Perez and/or Officers John Doe # 1-6 and/or Officers Jane Doe # 1-6, in their individual capacities were so malicious, intentional and/or reckless and displayed such a reckless indifference to the plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, Plaintiff, Julia Torborh-Kesselly, demands compensatory and punitive damages against Defendants, Officer Barretto and/or Officer Joshua Perez and/or Officers John Doe # 1-6 and/or Officers Jane Doe # 1-6, jointly and/or severally, in an amount sufficient to fairly and adequately compensate the plaintiff and punish and deter such

conduct on the part of defendants, along with interest, costs, attorney's fees and other appropriate relief.

## COUNT III- 42 U.S.C. § 1983
## MONELL CLAIM / UNCONSTITUTIONAL CUSTOM, POLICY AND PRACTICE
## JULIA TORBORH-KESSELLY VS. CITY OF PHILADELPHIA

29. Paragraphs 1-28 are incorporated herein by reference, as though each were fully set forth herein at length.

30. Plaintiff believes and therefore avers that the Philadelphia Sheriff's Department and defendant, City of Philadelphia, have adopted and maintained for many years a recognized and accepted custom and/or practice of systematically allowing and/or encouraging the intentional and/or recklessly subjecting individuals to the same type of treatment to which plaintiff was subjected, unreasonable and/or excessive "strip" searches on individuals arrested for summary offenses, which custom and/or practice violates the Fourth Amendment of the Constitution of the United States.

31. Plaintiff believes and therefore avers, that at the time she was subjected, unreasonable and/or excessive "strip" searches, the defendant, City of Philadelphia, knew or should have known of the aforesaid-described custom and/or practice of the City of Philadelphia Sheriff's Department and it deliberately, knowingly and/or recklessly failed to take measures to stop or limit the custom and/or practice, including, inter alia, providing proper training, supervision, discipline and control of the officers, agents and/or employees of the City of Philadelphia Sheriff's Department.

32. By failing to take action to stop or limit the aforesaid custom and/or practice, and by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the custom and/or practice,

8

defendant, City of Philadelphia, condoned, acquiesced in, participated in and perpetrated the custom and/or practice, in violation of the plaintiff's rights under the Fourth Amendment of the Constitution of the United States.

33. Plaintiff believes and therefore avers that the Philadelphia Police Department and Philadelphia Sheriff's Department and defendant, City of Philadelphia, has adopted and maintained for many years a recognized and accepted custom and/or practice of systematically allowing and/or encouraging the intentional and/or reckless unreasonable strip search for a summary offense, which custom and/or practice violates the Fourth Amendment of the Constitution of the United States.

34. Plaintiff believes and therefore avers, that at the time she was unreasonably strip searched, the defendant, City of Philadelphia, knew or should have known of the aforesaid-described custom and/or practice of the Philadelphia Sheriff's Department and it deliberately, knowingly and/or recklessly failed to take measures to stop or limit the custom and/or practice, including, inter alia, providing proper training, supervision, discipline and control of the officers, agents and/or employees of the City of Philadelphia Sheriff's Department.

35. By failing to take action to stop or limit the aforesaid custom and/or practice, and by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the custom and/or practice, defendant, City of Philadelphia, condoned, acquiesced in, participated in and perpetrated the custom and/or practice, in violation of the plaintiff's rights under the Fourth Amendment of the Constitution of the United States.

**36.** As a direct and proximate result of the malicious, intentional and/or reckless actions of the defendant, City of Philadelphia, the Plaintiff suffered injuries that are described above.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, the Plaintiff, Julia Torborh-Kesselly, demands compensatory damages against defendant, City of Philadelphia, in an amount sufficient to fairly and adequately compensate the Plaintiff, along with interest, costs, attorney's fees and other appropriate relief.

**COUNT IV**
**STATE LAW CLAIM**
**ASSAULT AND BATTERY**
**JULIA TORBORH-KESSELLY VS. OFFICER BARRETTO AND OFFICER PEREZ AND OFFICERS JOHN DOE #1-6 AND OFFICERS JANE DOE #1-6**

37. The All preceding paragraphs of this Complaint are fully incorporated by reference.

38. As a direct and proximate result of the aforementioned acts and conduct of the Defendants, Officer Barretto and/or Officer Joshua Perez and/or Officers John Doe # 1-6 and/or Officers Jane Doe # 1-6, the plaintiff was assaulted and battered.

39. The above-described intentional, malicious and/or reckless actions of the Defendants, Officer Barretto and/or Officer Joshua Perez and/or Officers John Doe # 1-6 and/or Officers Jane Doe # 1-6, placed the plaintiff in reasonable fear of imminent bodily harm and resulted in the plaintiff being unlawfully and improperly touched, assaulted, battered and abused without privilege and against the plaintiff's will.

**40.** As a direct and proximate result of the above, the plaintiff suffered injuries and damages as more fully described above.

**41.** The above-described actions of the defendants, Defendants, Officer Barretto and/or Officer Joshua Perez and/or Officers John Doe # 1-6 and/or Officers Jane Doe # 1-6, were so malicious, intentional and reckless and displayed such a reckless indifference to the plaintiff's rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, Plaintiff, Julia Torborh-Kesselly, demands compensatory and punitive damages against Defendants, Officer Barretto and/or Officer Joshua Perez and/or Officers John Doe # 1-6 and/or Officers Jane Doe # 1-6, jointly and/or severally, for the common law torts of assault and battery, in an amount in an amount sufficient to fairly and adequately compensate the Plaintiff, along with interest, costs, attorney's fees and other appropriate relief.

**ABRAMSON & DENENBERG, P.C.**

BY:_____

**THOMAS BRUNO II, ESQUIRE**
**ATTORNEY FOR PLAINTIFF**

11